The People of Puerto Rico, Plaintiff and Appellee, *v.*
Juan Osorio, Defendant and Appellant.

No. 7115.   Argued July 14, 1938.—Decided July 30, 1938.

*C. Iriarte, F. Fernández Cuyar* and *H. González Blanes* for appellant.
*R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

Mr. Justice Travieso delivered the opinion of the court.

The District Court of Bayamón entered judgment finding the defendant Juan Osorio guilty of violating section 328 of the Penal Code, and sentencing him to four months in jail and to the payment of costs.   The defendant has appealed from that judgment to this court.

At the conclusion of the evidence offered by the prosecution, the defendant made a motion for nonsuit, which the court overruled.   The defendant then submitted his case without offering any evidence.   His only assignment of error is as follows:

"That the decision of the lower court is contrary to the evidence, the evidence being insufficient in law to establish the defendant's guilt."

From the testimony of Dr. Comas it appears that by reason of this accident José Dolores Ramos, a child of 12 years, received "a fracture of the right femur in its middle third and another fracture of the left femur in its middle third; that is, a fracture of both thighs."   That he was under his treatment for about six or seven weeks.

José Dolores Ramos testified:

"That the car was coming and I thought that it was not going up on the sidewalk and I kept sitting there; when I saw the car was coming up there, from Comerío Street, it didn't give me time to get up and the car came up on the sidewalk and knocked down a stump, the stump fell on my thigh and the wheel of the car went up on the stump and caught my two legs and broke them."

He also testified that the car was "coming at full speed" and that it was at that moment driven by the defendant, the Policeman Juan Osorio.

The father of the child, Lorenzo Ramos, testified that "the car was coming fast."

As to the speed at which the automobile was travelling, the record contains no testimony other than the foregoing, and, as the prosecuting attorney *(Fiscal)* states in his brief, the testimony of the injured person would be sufficient to sustain the judgment, as was held by this court in the case of *People* v. *Carrión*, 52 P.R.R. 439, where it was said:

"The finding of the trial judge was based practically only on the testimony of the prosecuting witness. Although he was the injured party and his testimony should be carefully analyzed by a trial court, we are not disposed to reverse the decision of that tribunal with regard to his credibility."

In the present case the testimony of the injured person was corroborated by that of his father, and furthermore, the credibility of neither of these witnesses was impeached by the defendant.

The defendant in his brief cites copious authorities to show that his negligence, if any, was not the gross negligence of which section 328 of the Penal Code speaks. In view of the speed at which the vehicle was moving and the manner in which the accident occurred, there is in our opinion sufficient grounds to sustain the judgment appealed from.

Although some of the witnesses for the prosecution made reference to a light collision between the car driven by the defendant and a small truck, this point was not established.

It was shown that the car went up on the sidewalk, where the minor José Dolores Ramos was, because he had a right to be there, and there knocked down a stump which fell upon the child's thighs, causing the injuries to which reference has already been made. This fact does not appear to have been explained in any way either by cross-examination of the witnesses for the prosecution or by defendant's direct evidence. Since this fact is left unexplained, there is sufficient ground to infer that defendant's negligence is of the character punished by section 328 of the Penal Code.

Under these circumstances, it is our duty to respect and affirm the judgment appealed from.

Mr. Justice De Jesús took no part in the decision of this case.